UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDON E. FROST, )
 )
   Plaintiff, ) No. 2:15-CV-142-JRG-MCLC
 )
v. )
 )
BILL HENARD, *et al.*, )
 )
   Defendants. )

## MEMORANDUM AND ORDER

This is a prisoner's pro se civil rights case under 42 U.S.C. § 1983. On May 11, 2015, the Court entered a Deficiency Order directing Plaintiff, within thirty (30) days, to pay the full filing fee or to submit a copy of his trust account statement for the previous six-month period [Doc. 5]. Plaintiff was forewarned that his failure to respond to the Deficiency Order within the time allotted would lead the Court to assume that he is not a pauper, assess the entire filing fee, and dismiss this action for want of prosecution and for failure to comply with the orders of the Court. *See* Fed. R. Civ. P. 41(b).

The Deficiency Order was mailed to Plaintiff at the address he listed as his current address but it was returned to the Court as "Not Deliverable as Addressed" and "Unable to Forward" [Doc. 6]. Thereafter, on May 18, 2015, the Court resent the Deficiency Order to an address found in Plaintiff's motion to appoint counsel [Doc. 3] and updated Plaintiff's address information on file. Again, the Deficiency Order was returned to the Court as "Not Deliverable as Addressed" and "Unable to Forward" [Doc. 7]. Obviously, Plaintiff has failed to provide the Court with an updated notice of his correct address and without his correct and current address the Court is unable to communicate with him regarding his case.

Plaintiff bears the burden of prosecuting his action, which includes informing the Court of his correct mailing address, and he has not done so. A plaintiff has an affirmative duty to notify the Court of any change of address. *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address."). Local Rule 83.13 not only requires pro se litigants, such as Plaintiff, to file a written notice with the Clerk, but also requires written notice to be given to all parties, within fourteen days of any change of address. A plaintiff's failure to supply the Court with an updated address subjects the action to dismissal under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend.").

The Court finds that Plaintiff failed to provide the Court with an updated address and failed to monitor his case electronically. Accordingly, this action will be **DISMISSED**, *sua sponte*, for want of prosecution.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                    s/J. RONNIE GREER
                                           UNITED STATES DISTRICT JUDGE